**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry Zibners and Brenda Zibners, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Foremost Insurance Company of Grand Rapids, Michigan, a foreign corporation,<br><br>Defendant. | No. CV-07-8069-PCT-DGC<br><br>**ORDER** |

At the Case Management Conference held on September 21, 2007, the Court raised the issue of whether federal subject matter jurisdiction exists in this case. The Court discussed the issue with the parties and stated that it would consider the issue further following the Conference. As explained below, the Court concludes that federal subject matter jurisdiction is lacking and that the case must be remanded to state court.

**I.     Background.**

Plaintiffs filed a complaint against Defendant in Arizona state court on July 5, 2007. The complaint asserts a breach of contract claim and a bad faith tort claim arising out of a covered loss to Plaintiffs' insured mobile home. Plaintiffs seek compensatory, consequential, and punitive damages. Dkt. #1-2.

Defendant removed the action to this Court. Defendant asserts in its notice of removal that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and it appears that the matter in controversy exceeds $75,000. Dkt. #1.

## II.     Removal and Remand Standards.

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.    Discussion.

The complaint in this case does not demand a dollar amount. Defendant therefore "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). To meet its burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Id.*; *see Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original); *McNutt v. GM Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.").

It is undisputed that a covered loss resulted in water damage to Plaintiffs' home. As explained in the parties' joint case management report, the primary dispute is the extent to which the total damage to the home was caused by the covered loss. Dkt. #12 at 2. Plaintiffs allege that when a rodent bit into a water line under their kitchen sink, water sprayed out of the line causing damage to the surrounding walls and ceiling. *Id.* Plaintiffs claim that the

1  cost of repairing all water damage is approximately $45,000. *Id.* at 3. Defendant contends
2  that the covered water damage was limited to the kitchen sink area and that any further
3  damage to the home was the result of mold formation or some other cause unrelated to water
4  contact. *Id.* Defendant estimated the cost of repair to the kitchen sink area at approximately
5  $14,000, and has tendered payment to Plaintiffs in this amount (discounted to actual cash
6  value). *Id.*; *see* Dkt. #1-6.

7  It is clear from the parties' positions that the amount in controversy on the breach of
8  contract claim is approximately $31,000. Defendant asserts in its notice of removal that
9  compensatory damages on the bad faith claim "could result in an award several times the
10 amount in controversy on the breach of contract claim." Dkt. #1 ¶ 9. Defendant made a
11 similar assertion at the Case Management Conference with respect to Plaintiffs' request for
12 punitive damages. Defendant's answer alleges on "information and belief" that the
13 jurisdictional amount is met. Dkt. #3 ¶ 3.

14 These conclusory statements "neither overcome[] the 'strong presumption' against
15 removal jurisdiction, nor satisf[y] [Defendant's] burden of setting forth . . . the *underlying*
16 *facts* supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980
17 F.2d at 567 (emphasis in original); *see Matheson*, 319 F.3d at 1090-91 ("Conclusory
18 allegations as to the amount in controversy are insufficient."); *Singer v. State Farm Mut.*
19 *Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) ("removal 'cannot be based simply upon
20 conclusory allegations' where the [complaint] is silent" as to the amount of damages)
21 (citation omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004)
22 (removal cannot be based upon mere "information and belief" that the amount in controversy
23 exceeds $75,000); *see also Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz.
24 1996) ("It would be inherently speculative for this Court to conclude that the amount in
25 controversy requirement can be met by simply asserting that large punitive damages have
26 been awarded in the past against insurance companies . . . . Defendant has failed to articulate
27 why the particular facts that are alleged in the instant action might warrant extraordinary
28 punitive damages."). Because the amount-in-controversy requirement has not been met,

- 3 -

1 federal subject matter jurisdiction is lacking.  The Court accordingly will remand this matter
2 to state court.  *See* 28 U.S.C. § 1447(c); *Valdez*, 372 F.3d at 1118 ("If the district court
3 determines that it is sufficiently doubtful that the amount-in-controversy requirement has
4 been met and thus that federal subject matter jurisdiction is lacking, the district court should
5 . . . remand to state court."); *Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right
6 to removal exists, a case should be remanded to state court."); *Sanchez*, 102 F.3d at 406
7 (directing the district court to remand to state court where the defendant had failed to
8 establish the jurisdictional amount by a preponderance of the evidence).

9 **IT IS ORDERED** that the Clerk shall **remand** this action to state court.

10 DATED this 25th day of September, 2007.

*[signature]*
David G. Campbell
United States District Judge